# SUPREME COURT.

## The Chemical Bank agt. The Mayor, &c., of New-York, the Board of Supervisors, and Henry Hart, the Receiver of Taxes.

It is not when the plaintiff is entitled to *any* relief, but to the relief *demanded*, that a preliminary injunction may issue.

If the plaintiff will have a right of action against the collector or supervisors, after his (alleged illegal) tax shall be collected, that does not entitle him to an injunction to stay the collection of the tax; as, in that case, his cause of action will not accrue until the money shall be collected.

At the same time, there could be no simpler mode of settling such questions than by an action for an injunction, which would well apply, were it not for the strict provisions of the law.

NEW-YORK PRACTICE REPORTS. 477

The Chemical Bank agt. The Mayor, &c., of New-York, &c.

*New-York Special Term,* 1855.

THE complaint shows that the bank has surplus funds, beyond its capital, amounting to more than $426,000, of which nearly $180,000 consists of investments in United States stocks; that these facts were duly established before the commissioners of taxes and the supervisors of the county, but were disregarded by them, and that the bank was taxed on the United States stocks, as well as on its other surplus funds. The complaint then asks for leave to pay the rest of the tax, and that an injunction be granted to restrain the defendants from collecting the tax assessed on the United States stocks.

R. H. MOREHOUSE, *for plaintiff.*
ROBERT J. DILLON, *for defendants.*

MITCHELL, Justice. There can be no need of an order of the court for the bank to pay or tender such a tax as it admits to be due, and if more be then unlawfully collected, the bank will have its remedy for that excess. The other remedy by injunction, the defendant's counsel insist, cannot be granted. Judge WOODRUFF, of the common pleas, has, in an elaborate opinion, ably explained the decisions on this subject. (*Wilson* agt. *Mayor, &c., N. Y.*) The cases of *Meserole* agt. *Brooklyn,* (26 *Wend.* 132—*reversing,* 8 *Paige,* 198,) *Van Doren* agt. *Mayor of New-York,* (9 *id.* 388,) *Livingston* agt. *Hollenbeck,* (4 *Barb. S. C. R.* 10,) and *Bouton* agt. *City Brooklyn,* (7 *How. Pr. R.* 198,) fully sustain the defendant's counsel, as the law stood before the Code was adopted; and the last case adopts the same rule under the Code. Justice STRONG, who decided the last case, sums up his reasoning by saying, in substance, that a court of law only provides a redress for a wrong after it is committed; a court of equity grants its preventive relief before the wrong is done, but under certain limits, which exclude a case like this, and that a court in which the functions of both are joined, (as is the case now, under the Code,) cannot extend its power beyond what was formerly possessed by the one court or the other, previous to the junction of the powers of both courts in one.

The Chemical Bank agt. The Mayor, &c., of New-York, &c.

The Code allows an injunction when it appears, by the complaint, that the plaintiff is entitled to the *relief demanded*, and such relief, or part of it, consists in restraining the commission or continuance of an act, the commission or continuance of which during the litigation, would produce injury to the plaintiff. (*Code*, § 219.) It is not when the plaintiff is entitled to any relief, but to the relief *demanded*. If by the law, as it stood before, the plaintiff had no right to the relief sought in a suit in his own name, he has none now;—as the section does not profess to extend the relief which the plaintiff might claim in such a suit. If the only final relief which he demands is a judgment for an injunction, then he must show that by the law as it stood before he was entitled to that relief. If the Code had allowed the injunction whenever the plaintiff was entitled to any relief, either in his own name or as relator in the name of the people, then if a *mandamus* or *certiorari* would lie, the preliminary injunction might be allowable—but such is not its language.

If the plaintiff will have a right of action against the collector or supervisors, after the tax shall be collected, that does not entitle him to the injunction, as in that case his cause of action will not accrue until the money shall be collected.

At the same time, it is very evident that there could be no simpler mode of settling such questions than by an action for an injunction. It brings up the precise merits of the case as applicable to the *individual* aggrieved alone, and does not involve in the suit the other tax-payers : it is subject to the equitable control of the court, and in that has a great advantage over an action brought for a trespass, when, in some cases, the whole assessment might be declared void, and he who was liable to pay a part be discharged from paying anything, on account of an informality in the proceedings. But the strict law seems to favor the objection made by the defendants, and the motion for an injunction is denied without costs.