## SUPREME COURT.

### JOSEPH H. MOORE agt. THE BOARD OF COMMISSIONERS OF PILOTS.

A *platform* or *structure* erected on spiles, of about forty feet in length and twenty feet in width, in the North river, adjoining a pier, by a lessee thereof, is an obstruction to the free use and navigation of the harbor by the public, and, therefore, a *public nuisance*.

The board of commissioners of pilots, or any other party, cannot be interfered with by *injunction* in proceedings to abate such nuisance.

*New York Special Term, November,* 1866.

THIS action was brought to restrain the defendants from proceeding to remove a platform or structure erected by the plaintiff in the slip south of and adjoining pier No. 14, North river. A preliminary injunction was granted by Judge SUTHERLAND, prohibiting the defendants from doing any act under a notice given by them, pursuant to section 2, of the act of April 27, 1860, requiring the plaintiff to remove the obstruction complained of. The defendants then moved on affidavits to dissolve the injunction. It appeared that the plaintiff is the agent of the Allentown Railroad Company, and as such, the lessee from the New Jersey Central Railroad Company, of the southerly half of pier No. 14, North river, and that for the accommodation of the freight received at that pier, he erected a platform on spiles, extending into the slip from the bulkhead a distance of about forty feet in length and upwards of twenty feet in width. The commissioners of pilots claim that it is an unlawful obstruction of the harbor, and that they have the power to remove it.

WILLIAM ALLEN BUTLER, *for defendants, and for the motion.*

I. The structure in question is wholly outside of the bulk-head line established by chapter 763, of the laws of 1857, and is, therefore, an unlawful obstruction in a public navigable harbor and highway, and is a public nuisance, irrespective of public or private convenience or inconvenience. (*The People* agt. *Vanderbilt*, 26 *N. Y.* 287 ; *Commissioners of Pilots* agt. *Clark*, 33 *N. Y.* 251 ; *The King* agt. *Ward*, 4 *Ad. & E.* 384 ; *Davis* agt. *The Mayor*, 4 *Kern.* 506.)

II. The plaintiff is thus shown to be a wrong doer, violating an express law of the state, and liable to be indicted and punished for a misdemeanor, unless by statute some special penalty is imposed for his wrong (2 *R. S.* 696, § 39).

Standing in this attitude, he is not entitled to the protection of the court, or its interference by injunction in aid of his violation of the law. If any officer or board of officers assume to prevent or punish his wrongful acts, without authority to do so, he should be left to his remedy against them as trespassers.

III. By section 2, of chapter 522, of the laws of 1860, the defendants, the board of commissioners of pilots, have express power to abate the nuisance in question. They are not limited to the removal of obstructions beyond the exterior *pier* line The law applies equally to the exterior *bulk-head* line, and with much more practical necessity, because it is the structures erected within the pier line adjacent to the bulkheads, which are the most frequent and persistent.

By referring to the Harbor Commissioners' report (*Senate document No.* 40, 1857) the act of 1857 (*Sess. Laws* 1857, *p.* 638, *vol.* 2), and the act of 1860 (*Sess. Laws* 1860, *p.* 1063), it will appear that the *exterior line of bulkheads* was just as important, and just as much in contemplation of the law, as the exterior pier line, and the violation by plaintiff is just as much denounced as if he had built his platform outside of the pier line.

IV. But it is wholly immaterial whether the act of 1860

give the defendants an express authority to abate this nuisance.

Being a public nuisance in the navigable waters of the state, any one has a right to abate it. (*See Viner, tit. Nuisance ; T. Pl.* 3 ; *W. Pl.* 4 ; *Com. Dig. tit. Action for Nuisance, D.* 4 ; *James* agt. *Hayward, Cro. Charles,* 184 ; *Houghton* agt. *Butler,* 4 *T. R.* 364.)

Especially any party aggrieved may abate it, and this board, whose special duty it is to protect the harbor from encroachment, are a party aggrieved by any such illegal structure.

It is well settled that no injunction will be allowed in favor of a wrong doer against a public body having such relations to the subject as give them an oversight of it, even though they are not expressly constituted to enforce the law. (*Hart* agt. *The Mayor of Albany,* 9 *Wend.* 571, *and opinion by* SUTHERLAND, *J. p.* 590.)

V. An injunction of this kind can only issue in cases of apprehended irreparable injury. But no injury can be predicated of the removal of an illegal structure like this ; its violent and immediate taking away, even by a private hand, would be *damnum absque injuria.*

VI. The preliminary injunction should be dissolved, with costs.

J. W. DIMMICK, *for the plaintiff, opposed.*

On the part of the plaintiff, it was contended that the defendants were only authorized as a board to take proceedings to remove obstructions which were beyond the exterior or pier line, and this structure being inside of that line, the defendants should be restrained from interfering with it.

SUTHERLAND, J., said, that the questions presented on this motion were of the greatest public interest and importance ; that he was clearly of opinion that the defendants were entitled to a dissolution of the injunction on the ground that the structure in question, being in the navigable waters of

the harbor, and at a point where the law prohibited the placing of any structure, it was an obstruction to the free use and navigation of the harbor by the public, and, therefore, a public nuisance; that the plaintiff was not entitled to the protection of the court by injunction, against interference by the defendants or any other party, and placing the decision solely on this ground, the injunction must be dissolved.

Injunction dissolved with $10 costs to defendants, to abide the event.