## NEW YORK COMMON PLEAS.

THOMAS J. PRENDORILL agt. JOHN A: KENNEDY and JEREMIAH PETTY.

The act organizing the metropolitan police district makes it the duty of the board of police to protect "strangers and emigrants," in the streets of the city of New York. The superintendent of police and the captain of the precinct will not be restrained; by injunction, from placing policemen in front of a public house, in which guests have been *repeatedly* subjected to *unjust, exorbitant* and *illegal* charges, and from giving warning to "*strangers*" about to enter "*to be careful.*"

*Special Term, December,* 1867.

THE plaintiff obtained an order that the defendants show cause why an order of injunction should not issue, restraining the defendant Kennedy, the superintendent of the metropolitan police, and the defendant Petty, the captain in charge of the precinct, from stationing policemen in front of plaintiff's premises, and from giving a warning to *strangers* "to be careful," when about to enter plaintiff's house.

The defendants appeared and showed cause.

F. H. BRYAN, *for motion.*

BROWN, HALL & VANDERPOEL, *opposed.*

VAN VORST, J. The plaintiff in this case keeps a public house on Hubert street, for the entertainment and lodging of travelers. Strangers from distant parts of the country and emigrants are guests of his house. Complaint was made to the police authorities on several occasions of extravagant and exorbitant charges made by the landlord against his guests,

which were, on the interposition of the police, adjusted. These charges embraced not only excessive items for board at his inn, but unwarranted charges for hack hire in the transportation of persons and their baggage to the plaintiff's house. The defendant Petty, the captain in charge of the precinct in which plaintiff's house is situated, placed his subordinates in front of and near the building, who warned strangers who approached the house as guests, "to be careful." The plaintiff complains that the presence of the police officers in front of his house, and their warning to strangers, is an injury to his business, and he asks for an order of injunction, upon a complaint setting up the alleged grievance, that the defendant Kennedy, the superintendent of the police, and officer Petty, be restrained from thus disturbing his business, and from stationing members of the police in front of his premises. He alleges that the presence of these persons is a "nuisance," and their "warning" to strangers tends to the destruction of his business as the keeper of a public house. By the act organizing the metropolitan police district, it was made the duty of the board of police, among other things, especially "to protect strangers and emigrants" in the streets and at public landings. It is a wise and humane provision which looks to the protection of the "stranger" in our city, and the "emigrant" from distant lands. It is also a good police regulation, as it tends to prevent complaints, disturbances and breaches of the peace. I am of opinion that such protection would sustain a warning "to take care," or "to be careful," to a person, a *stranger*, about to enter a public house in which guests had been repeatedly subjected to extortionate, exorbitant and illegal charges, and of which notice had been brought to the police authorities. The plaintiff, under such a state of facts, should not invoke the aid of a court of equity to put forth its hand to remove the guardians and protectors of the unwary stranger. The plaintiff has a complete remedy within himself. As soon as the evil within is removed, the nuisance

without should be abated.   In addition to this, the plaintiff
has a remedy at law for any wrongful or malicious interfer-
ence of any person with his business, and when a party has
such means of redress, the equitable powers of the court by
injunction may not be invoked.   The police department has
its domain of duty and action.   A court of equity should not
interfere to paralyze this arm of the public safety and.
security, or weaken the force of the just and wholesome
exercise of its powers.   The defendants disavow, under oath,
any intention to injure the plaintiff, and assert that they have
acted only in the discharge of their duty under the law organ
izing the police department.

Motion for injunction denied.