Larremobe, J.
In this case an injunction is sought to be maintained against a corporation and its ministerial officer, whose rights and powers are conferred by statute. Chapter 683 of the Laws of 1866 provides that every person who shall by his act or neglect maliciously kill, maim, wound, injure, torture or cruelly beat any horse, &c., or other animal, shall, upon conviction, be adjudged guilty of a misdemeanor.
The defendant, the American society for the prevention of cruelty to animals, was incorporated by an act of the legislature of this State, passed April 19,1866 {Laws of 1866, oh. 469), and by section 7 of said *78 act, the police force of the city of New York, were directed as occasion should require to aid said society, its members or agents, in the enforcement of all laws, which had been or might thereafter be enacted for the protection of dumb animals. Another act was passed by the legislature, April 12, 1867 {Laws of 1867, ch. 375), which provides (§ 1) that if any person shall overdrive, overload, torture, torment, or needlessly mutilate any animal, or cause the same to be done, &c., every such offender, shall, for every such offense, be guilty of a misdemeanor.
Section 8 of said act, authorizes any agent of said society, upon being designated thereto by the sheriff of any county in this State, to make arrests within said county, and bring offenders violating the provisions of said act, before any court or magistrate having jurisdiction thereof.
There is no pretense that said society, and Henry Bergh, its president, are not authorized to enforce the-observance of the statutes above mentioned within the city and county of New York.
The defendants being thus clothed with proper legal authority, their official action should not be interfered with or restrained, unless it be injurious and wrongful in its nature, especially in a case where the parties-aggrieved have an adequate remedy at law, and the-pecuniary responsibility of the defendants is unquestioned (Sterman v. Kennedy, 15 Abb. Pr., 201; Moore v. Board of Commissioners of Pilots, 32 How. Pr., 184 Gilbert v. Mickle, 4 Sandf. Ch., 357; Prendorill v. Kennedy, 34 How. Pr., 416).
The real issue in this case is not whether the mode of slaughtering animals, as set forth in the complaint, is the best and most expedient, but whether or not, independent of such mode, wanton acts of cruelty are allowed and practiced, such as dislocating the limbs of the animals slaughtered, and plunging them while yet. *79 alive in boiling water. Such acts are made criminal offenses by statute, and if committed in the presence of á duly designated officer of said society subjects the offender to arrest without a warrant (Broadway Stage Company v. American Society for the Prevention of Cruelty to Animals, 15 Abb. Pr. N. S., 51). For such violation of the statute, the defendants claim the right of arrest, and the plaintiffs ask the preventive process of the court.
I have not been able to find, nor have I been referred to any case which authorizes such a remedy. To grant it, would be assuming the position that the plains tiffs would not, during the pendency of this action, violate the statutes in question, and, therefore, the defendants whose official duty it is to prevent and. punish such violation, must be restrained in the exercise of rights expressly enjoined upon them by the statute.
The right to an injunction in any case is not ex debito justicias, but is always addressed to the sound discretion of the court. It would be a wide stretch of judicial discretion to inhibit a public officer, for any time from arresting, and prosecuting offenders against a criminal statute. Even in actions purely civil, an injunction would not be granted against a merely apprehended trespass (Mayor of N. Y. v. Conover, 5 Abb. Pr., 171; N. Y. Life Ins. & Trust Co. v. Supervisors of N. Y., 4 Duer, 192 ; Chemical Bank v. Mayor, &c., 12 How. Pr., 476; Lewis v. Oliver, 4 Abb. Pr., 121; Wilson v. Mayor, 4 E. D. Smith, 675).
Plaintiffs do not seek to restrain a trespass affecting a corporate franchise, but ask relief against acts which must necessarily involve individual misconduct. For this, their remedy at law is adequate and complete, and the defendants, upon whom the law has devolved most important trusts, should be left to an unrestrained ex *80 ercise of their lawful powers, subject only to a right of action for their abuse.
Injunction dissolved, with costs, to abide event of suit.